Adam R. Pechtel / WSBA #43743
Pechtel Law PLLC
21 N Cascade St
Kennewick, WA 99336
Telephone: (509) 586-3091

Attorney for Defendant

United States District Court
Eastern District of Washington
Before the Hon. Salvador Mendoza, Jr.

| United States of America, | No. 4:19-CR-06063-SMJ |
|---|---|
| Plaintiff, | |
| | Motion to Revoke Detention Order |
| v. | |
| Monica Pesina, | EVIDENTIARY HEARING REQUESTED |
| Defendant. | |
| | January 9, 2020 at 10:00 AM With oral argument |

Pursuant to 18 U.S.C. § 3145(b) and LCrR 46, Defendant Monica Pesina, through her counsel of record, moves for revocation of the detention order issued by Magistrate Judge Mary Dimke on November 22, 2019 (ECF No. 48). "If a person is ordered detained by a magistrate judge ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or

Motion to Revoke Detention
Hearing - 1

amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b).

**A.  Requested Relief**

Defendant Pesina asks the Court to follow the recommendation of the United States Probation Office and order Defendant Pesina released pending trial on the standard and special conditions identified by the United States Probation Office. ECF No. 46.

**B.  Summary of Facts**

The Government charged Defendant Pesina with two counts of possessing a controlled substance with intent to deliver on June 4, 2019. ECF No. 6. Records produced in discovery show that on that date, Pasco Police Officer Parramore observed two vehicles stopped at the intersection of Road 60 and West Court Street in Pasco, Washington. The rear vehicle did not have a turn signal activated. The lead vehicle merged onto West Court Street, and the rear vehicle activated its turn signal, pulled forward to the stop sign, and turned left. Officer Parramore initiated a traffic stop purportedly because "the vehicle failed to signal continuously during the last 100 feet traveled by the vehicle before turning." The occupants of the vehicle were identified as Defendant Pesina, co-

Motion to Revoke Detention
Hearing - 2

defendant Carter, and a third party. Detective Corral responded less than three minutes after the traffic stop was initiated. Detective Carlisle responded with his K9 unit less than four minutes after the traffic stop was initiated. Detective Carlisle "applied [his] drug-detection K9 Ezra to the exterior of the vehicle." Ezra alerted to the presence of the odor of narcotics. *Id.* The vehicle was seized, a state search warrant was obtained, and the vehicle was searched. A search of a red backpack found in the vehicle's trunk revealed about 372 grams of purported methamphetamine, about 55 grams of purported heroin, and $26,950 cash.

## C.  Legal Standard

If there exists any combination of conditions that will reasonably assure Defendant Pesina's appearance as required and reasonably assure the safety of other persons and the community, Defendant Pesina must be released. 18 U.S.C. § 3142(c)(1). In making these two separate determinations, the Court should consider the nature and circumstances of the offense charged, the weight of the evidence against Defendant Pesina, her history and characteristics, and the nature and seriousness of the danger to any person or the community posed by Defendant Pesina's release. 18 U.S.C. §

3142(g). Because Count 1 carries a mandatory minimum of ten years confinement, a rebuttable presumption arises that there is no combination of conditions that will reasonably assure Defendant Pesina's appearance as required and reasonably assure the safety of the community. 18 U.S.C. § 3142(e)(3)(A).

"[T]he district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings." *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990). The district court "should review the evidence before the magistrate and make its own *independent* determination…with no deference." *Id.* at 1193 (emphasis added). If "necessary or desirable" the district court may "hold additional evidentiary hearings" even if the only evidence that is presented was already presented to the magistrate. *Id.*

**D.  Discussion**

To rebut the presumption, Defendant Pesina only needs to produce *some* evidence that she is not a flight risk and does not pose a danger to the community. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) ("Although the presumption shifts a burden of production to the defendant, the burden of persuasion

Motion to Revoke Detention
Hearing - 4

remains with the government."). This burden of production is a minimal obligation, only requiring Defendant to produce "some credible evidence." *United States v. Carbone*, 793 F.2d 559, 560 (3rd Cir. 1986).

Here, Defendant Pesina is not a flight risk because (1) she is a U.S. citizen and has lived in Walla Walla or the Tri-Cities her entire life, (2) she does not have a passport and has only travelled out of state on rare occasions, (3) her two minor children reside in Kennewick, Washington, (4) she does not have a history of failing to appear for Court, (5) she did not flee the jurisdiction after being detained following the June 2019 traffic stop, (6) she has no history of violence, (7) she has no history of firearm violations, (8) her release plan includes attending intensive outpatient substance abuse treatment, (9) her release plan includes residing in a clean and sober residential facility, (10) she has a valid driver's license, (11) she has an operational vehicle, and (12) her best friend is supportive and has been clean and sober for three years. Defense counsel is not alone in this determination—the most recent pretrial services report also recommends release on conditions. ECF No. 46 at 2.

1   Furthermore, the Government itself waited five months to arrest
2   and charge Defendant Pesina, which contradicts its claim of her
3   dangerousness to the community or likelihood of flight. The
4   criminal complaint was signed on October 22, 2019. ECF No. 1.
5   The warrant for her arrest was issued on November 6, 2019 and
6   she was arrested the following day. ECF No. 21.
7   The Government may attempt to argue that Defendant Pesina
8   should be detained based on her alleged conduct between June
9   2019 and October 2019. Defendant Pesina would note that this
10  uncharged conduct should not be considered by the Court under
11  18 U.S.C. § 3142(g)(1), which specifically refers to the "offense
12  charged."
13  Because Defendant Pesina met her minimal obligation to
14  produce some credible evidence, the burden of persuasion remains
15  with the Government to show "by a preponderance of the evidence
16  that the defendant poses a flight risk, and by clear and convincing
17  evidence that the defendant poses a danger to the community."
18  *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).
19
20

Motion to Revoke Detention
Hearing - 6

**E.  Conclusion**

For these reasons, Defendant Pesina respectfully requests the Court hold an evidentiary hearing and to release her on the conditions identified in the most up-to-date pretrial services report. ECF No. 46.

Dated: December 9, 2019          Respectfully Submitted,

s/Adam R. Pechtel
Adam R. Pechtel/ WSBA #43743
Attorney for Defendant
Pechtel Law PLLC
21 N Cascade St
Kennewick, WA 99336
Telephone: (509) 586-3091
Email: adam@pechtellaw.com

SERVICE CERTIFICATE

I certify that December 9, 2019, I electronically filed the foregoing with the District Court Clerk using the CM/ECF System, which will send notification of such filing to the following:

Stephanie Van Marter, Attorney for Plaintiff

s/Adam R. Pechtel
Adam R. Pechtel/ WSBA #43743
Attorney for Defendant
Pechtel Law PLLC
21 N Cascade St
Kennewick, WA 99336
Telephone: (509) 586-3091
Email: adam@pechtellaw.com

Motion to Revoke Detention
Hearing - 1