Adam R. Pechtel / WSBA #43743
Pechtel Law PLLC
21 N Cascade St
Kennewick, WA 99336
Telephone: (509) 586-3091

Attorney for Defendant

United States District Court
Eastern District of Washington
Before the Hon. Salvador Mendoza, Jr.

| United States of America, | No. 4:19-CR-06063-SMJ |
|---|---|
| Plaintiff, | Reply to Response to Motion to Revoke Detention Order |
| v. | |
| Monica Pesina, | EVIDENTIARY HEARING REQUESTED |
| Defendant. | January 9, 2020 at 10:00 AM With oral argument |

**A.   Summary of Defendant's Motion**

On November 22, 2019, Magistrate Judge Dimke ordered Defendant Pesina's detention pending trial on the grounds that she failed to rebut the presumption of detention. ECF No. 48. Defendant moved for a *de novo* determination of her detention status on December 9, 2019. ECF No. 58. Defendant Pesina seeks

release from detention pending trial on the standard and special conditions set forth in the most recent pretrial services report. ECF Nos. 46, 58.

### B.   Summary of Government's Response

The Government responded to the Defendant Pesina's motion on December 20, 2019. ECF No. 64. The Government's response proffered facts about the following incidents:

   a) the June 4, 2019 incident in Pasco, WA involving Defendants Carter and Pesina (the instant offense);

   b) the September 27, 2019 incident in Spokane, WA and Richland, WA involving Defendants Carter and Pesina (the two residential search warrants incident);

   c) the October 18, 2019 incident in Spokane, WA involving ***only*** Defendant Carter; and

   d) the November 7, 2019 in Dixie, WA involving Defendants Carter and Pesina (the arrest incident).

*Id.* The Government argues that Pesina has not rebutted the presumption of detention or, in the alternative, clear and convincing evidence demonstrates there is no set of conditions that reasonably assures the public's safety and the preponderance of

the evidence demonstrates there are no conditions that reasonably assure her appearance as required. ECF No. 64 at 14, 17.

**C.  Defendant's Reply**

**1.  Defendant Pesina has rebutted the presumption of detention**

Congress created the rebuttable presumption of detention in serious drug cases to address two issues. First, drug traffickers "pose a significant risk of pretrial recidivism" because they are often engaged in a "business" of drug trafficking. S. Rep. No 225, 98th Cong. 1st Sess. 20 (1983). Second, drug traffickers often have both sufficient financial resources and "substantial ties outside the United States…to escape to other countries in relative ease…" *Id.*

Here, the risk that Defendant Pesina will traffic drugs on pre-trial release subject to appropriate conditions is non-existent. She will find gainful employment as required by the conditions of release. She has been diligently searching for work while incarcerated. She is eligible for employment services through the Foundational Community Supports Program from Compass Career Solutions. Exhibit A. Any (alleged) customers will have found an alternative source of supply in the intervening two months since her arrest.

Thus, her alleged "business" will have substantially deteriorated and can be financially replaced with her employment. Her brother is willing to temporarily help her financially until she can find employment ECF No. 46 at 2.

Furthermore, her housing situation in an Oxford house provides peer support as well as accountability. It is unlikely that she will be able to hide drug trafficking from her peers in that setting. She has an incredible amount to lose if she traffics drugs on pretrial release—not only the revocation of her release and detention, but additional charges. Lastly, her substance abuse during the relevant period clouded her judgment. Being drug free for past the two months since her arrest has cleared her head and her ability to make rational decisions based on outcomes (such as revocation of pretrial release) is substantially better.

Second, Defendant Pesina has neither risk factor identified by Congress as leading to an increased risk of flight. She has no contacts in foreign countries. She is indigent and has no financial resources. ECF No. 26.

For these reasons, Defendant Pesina has produced sufficient evidence to rebut the presumption of detention.

### 2. The Government has not disclosed discovery related to the September 2019 incident

Local Criminal Rule 16 required the Government to produce discovery by November 22, 2019. ECF No. 34; LCrR 16(a). The Government has produced no discovery related to the September 2019 search warrants in Spokane and Richland. Yet the Government proffers facts about what was found during the execution of those warrants. The Court should not rely on the Government's proffer of facts when the Government failed to produce the discovery of such facts as required by Local Criminal Rule 16.

### 3. The Government's proffer that Defendants Carter and Pesina "laid low" after learning of the federal warrant for their arrest is not supported by reliable evidence.

The Government proffers that

> Between October 22, 2019 and the date of their arrest November 8, 2019, the Marshals and the law enforcement entities involved in the above investigation tried to locate the Defendant. It was reported to law enforcement, that the Defendant and CARTER were aware warrants were coming and left the area to law low.

and

> When faced with the possibility of multiple drug related state arrest warrants, the Defendant left the area to include her children to "lay low."

Motion to Revoke Detention
Hearing - 5

ECF No. 64 at 10.

The Government does not proffer who reported this accusation to law enforcement, what their past reliability was, or how they obtained this information. The Court should not give this proffer any weight unless the Government offers reliable, credible evidence at the January 9th hearing to support its proffer.

**4.    The Government's proffer that Defendant Pesina confessed to possessing the methamphetamine inside the house on November 7, 2019 is factually inaccurate.**

Defendant Pesina denies that she made any post-Miranda statements on November 7, 2019. The Government has not produced any discovery to Defendant Pesina that corroborates their proffer. The Court should not give this proffer any weight.

**5.    The Government's proffer that the seized pills contain fentanyl is pure speculation.**

The Government appeals to pathos of the Court and argues for detention claiming

> The Defendant was also in possession of distribution quantities of Fentanyl laced pills on multiple occasions, the most dangerous and deadly drug in our community.

and

Motion to Revoke Detention
Hearing - 6

> … Defendant was able to re-engage and obtain even more quantities of narcotics to include deadly Fentanyl laced pills.

ECF No. 64 at 7. Yet the Government's own proffer does not support this argument.

> The following items were found inside the shoe box [in the house in Dixie, WA on November 7, 2019]: … approximately 84 blue "M" "30" pills, **suspected** of containing fentanyl…

and

> During the execution of the search warrant at the Thayer address [on September 27, 2019], law enforcement located and seized approximately … 15 Fake Oxy pills **believed** to contain Fentanyl … and indicia belonging to the Defendant and CARTER.

ECF No. 64 at 7, 12 (emphasis added). The Government does not proffer who suspected/believe these pills contained fentanyl or what the factual basis for their belief was. The Court should not give any weight to anonymous suspicions and beliefs.

### 6. Ms. Samorano is a valuable asset in protecting the public upon Defendant Pesina's release

Defendant Pesina's best friend is Lena Samorano. Ms. Samorano was and will always be a drug addict—however, she has been clean and sober for over three years. ECF No. 46 at 2. Ms. Samorano deeply desires to see her friend get clean and sober and is willing

Motion to Revoke Detention
Hearing - 7

to offer continued support to Defendant Pesina's efforts to get clean and sober if Defendant Pesina is released. *Id.*

The Government argues

> [H]aving a friend in the community who also has recent criminal history and is a prior drug user, does not provide sufficient stability to overcome the Defendant's aforementioned history and characteristics.

ECF No. 64 at 20. Ms. Samorano was charged in the fall of 2015 with two offenses. She pled guilty in May 2016 and was subsequently sentenced, once in 2016 and once in 2017. The Court should note that it was being charged with those offenses that motivated Ms. Samorano to get clean and sober. Defendant Pesina finds herself in a similar situation here. Defendant Pesina was not charged in state court for the June 4, 2019 incident, the September 2019 incident, or the November 2019 incident. (Defendant Pesina was arrested in relation to the September 2019 incident, but the Spokane County Prosecutor declined charges. *See* Spokane County Superior Court, No. 19-1-03683-32, retrievable through https://odysseyportal.courts.wa.gov/ODYPORTAL/Home/Dashboard/29 (last accessed December 23, 2019)).

Motion to Revoke Detention
Hearing - 8

The scientific literature defines "peer support" as "[t]he process of giving and receiving nonprofessional, nonclinical assistance from individuals with similar conditions or circumstances to achieve long-term recovery from psychiatric, alcohol, and/or other drug-related problems." Kathlene Tracy & Samantha Wallace, *Benefits of peer support groups in the treatment of addiction*, 2016:7 SUBSTANCE ABUSE AND REHABILITATION 143, 144 (2016). Peer support has been shown to reduce drug and alcohol usage as well as improved engagement with substance abuse treatment. *Id.* at 147-50. Here, Ms. Samorano's peer support makes it much more likely that Defendant Pesina will remain clean and sober if released.

### 7. Defendant Pesina's failure to appear for a misdemeanor arraignment during a one-month period is not relevant

Defendant Pesina was charged with failure to transfer title within 45 days in Benton County District Court on about October 17, 2017. ECF No. 22. She was summoned to appear for an arraignment on November 3, 2017 and December 1, 2017. *Id.* However, these summons are typically mailed to the address on record with the Department of Licensing, which does not guarantee actual notice. Her failure to appear was not the result of a

conscious choice, but rather lack of notice. The Court should not give these failures to appear any weight.

### 8. The Government's proffer that Defendant Pesina did not comply with instructions to leave the Dixie residence is misleading

On November 7, 2019, officers called Defendant Pesina out of the residence in Dixie, WA. ECF NO. 64 at 11. She exited the residence approximately 45 seconds later. Forty-five seconds is not a willful delay of compliance, but rather a reasonable amount of time for a person to assess a dynamic situation.

### 9. The Government's proffer substantially overstates Defendant Pesina's recidivism following law enforcement contact and her involvement with firearms

The Government argues that Defendant Pesina

> continued to engage in serious criminal behavior even after law enforcement intervention. On each occasion, substantial quantities of narcotics and firearms were seized from the Defendant. Yet, after bonding out on those state arrests, the Defendant was able to re-engage and obtain even more quantities of narcotics to include deadly Fentanyl laced pills.

ECF No. 64 at 18. The Government's argument, if factually accurate, would be persuasive. But it is not factually accurate.

First, in the June 2019 incident, Defendant Pesina was not arrested or charged. No firearms were seized from her.

Motion to Revoke Detention
Hearing - 10

Second, after the September 2019 incident, Defendant Pesina was arrested in Spokane County, but not charged. No firearms were seized in Spokane County. She was not arrested or charged in Benton County Superior Court. An unknown number of firearms were found in the Richland residence, but the Government gives no indication of whom they might belong to, Defendant Pesina or co-defendant Carter or a third-party. ECF No. 64 at 7. The Government has produced no discovery related to the September 2019 incident.

Third, in the October 2019 incident, Defendant Pesina was not present or involved.

Fourth, in the November 2019 incident, officers located a two 9mm pistols in a spare bedroom. ECF No. 64 at 11. They also found materials in that bedroom indicating the firearms belonged to co-defendant Carter. *Id.* In the living room where law enforcement suspected Defendant Pesina was prior to exiting the residence, they found no firearms. *Id.*

In essence, the Government argues that the September and November incidents demonstrate that law enforcement contact is insufficient to deter Defendant Pesina. However, federal pretrial

Motion to Revoke Detention
Hearing - 11

release in the instant case will be substantially more involved than her brief June 2019 contact with law enforcement or her September 2019 arrest followed by one week on conditions of release. She will be subject to stringent conditions of release including weekly contact with the pretrial services office, frequent urinalysis testing, substance abuse treatment (expected to be three sessions a week), full time employment and residing in a clean and sober living facility. Active and frequent supervision with additional checks by her substance abuse treatment providers, her fellow residents in the Oxford house, and her friend Ms. Samorano all reasonably assure the Court that Defendant Pesina does not pose a danger to the public and will appear as required.

**D.  Conclusion**

For these reasons, Defendant Pesina respectfully asks the Court to grant her pretrial release on the conditions suggested in the pretrial services report.

////

///

//

/

Dated: December 27, 2019        Respectfully Submitted,

s/Adam R. Pechtel
Adam R. Pechtel/ WSBA #43743
Attorney for Defendant
Pechtel Law PLLC
21 N Cascade St
Kennewick, WA 99336
Telephone: (509) 586-3091
Email: adam@pechtellaw.com

SERVICE CERTIFICATE

I certify that December 27, 2019, I electronically filed the foregoing with the District Court Clerk using the CM/ECF System, which will send notification of such filing to the following:

Stephanie Van Marter, Attorney for Plaintiff

s/Adam R. Pechtel
Adam R. Pechtel/ WSBA #43743
Attorney for Defendant
Pechtel Law PLLC
21 N Cascade St
Kennewick, WA 99336
Telephone: (509) 586-3091
Email: adam@pechtellaw.com

Motion to Revoke Detention
Hearing - 1