NICHOLAS MARCHI
Carney & Marchi, P.S.
7502 West Deschutes Place
Kennewick WA 99336
(509) 545-1055
Attorneys for Defendant
NICHOLAS SEAN CARTER

UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON
RICHLAND, WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>NICHOLAS SEAN CARTER,<br><br>    Defendant | Case No.4:19-06063-SMJ-2<br><br>MOTION AND MEMORANDUM RE: SUPPRESSION OF EVIDENCE<br><br>Note:  February 6, 2020 at 10:00 am<br>Judge Mendoza at Richland<br><br>Evidentiary Hearing Requested |

COMES NOW the Defendant, NICHOLAS SEAN CARTER, and moves this Court for an Order suppressing the evidence seized in this matter.  This motion is based on the attached Memorandum of Law filed in support of this motion. Specifically, the defendant moves to suppress evidence seized from the defendant and from the vehicle that the defendant was in on June 4, 2019.

I.  Facts

Mr. Carter is currently charged with two counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C §841(a)(1)(b)(1)(B)(viii); one count of Possession of a Firearm in Furtherance of a

MOTION AND MEMORANDUM
TO SUPPRESS EVIDENCE - 1

Drug Trafficking Crime in violation of 18 U.S.C. §924(c); and one count of Felon in Possession of a Ammunition in violation of 18 U.S.C §922(g).

On June 4, 2019, Officer Parramore initiated a traffic stop on West Court Street in Franklin County, after observing a vehicle fail to use a turn indicator when the vehicle made the turn. The officer observed the vehicle pull to the stop sign, turn its turn indicator on; and then turn. The officer pulled the vehicle over because the vehicle did not continuously maintain the turn signal prior to making the turn. See Attached Exhibit A, Police Reports of the stop.

The vehicle was driven by Ms. Pesina and Mr. Carter was in the back seat. There was another person in the front passenger seat. While Ms. Pesina was Speaking with Officer Parramore, a K-9 unit arrived and began a perimeter search of the vehicle. While Officer Parramore was completing his paperwork, Detective Carlisle began questioning Ms. Pesina. The K9 alerted and the occupants were removed from the vehicle.

In the course of removing Mr. Carter, officers located a weapon. Mr. Carter was then placed in cuffs and officers located a small package of crystal substance in his front pants pocket.

Mr. Carter was questioned and allegedly admitted he was a convicted felon and that the he was not supposed to have a weapon. Mr. Carter was then arrested for possession of the firearm.

MOTION AND MEMORANDUM
TO SUPPRESS EVIDENCE - 2

On June 5, 2019, Officers conducted a search of the vehicle after it was impounded. The officers secured a search warrant for the search. Exhibit B. In the course of the search warrant the officers located a backpack in the trunk of the vehicle. In the backpack, officers located, $26,950.00 and a quantity of narcotics. Officers also located 41 bullets in the trunk.

It should be noted that Ms. Pesina was provided a traffic citation. The citation was eventually dismissed as it lacked probable cause.

Mr. Carter requests that this Court suppress the evidence seized from the vehicle and from his person. It is his position that there was no probable cause for the search of the vehicle by the K9 and subsequent search by the officers on June 5, 2019. Mr. Carter would further request a evidentiary hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978) and *United States v. Ippolito,* 774 F.2d 1482 (9th Cir. 1985) This request is based on the files herein and the attached Memorandum of Law and attachments.

## II.   ARGUMENT

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated an no warrants shall issue, but upon probable cause, supported by oath and affirmation, an particularly describing the place and the persons or things to be searched.

United States Constitution, Amend. IV.

TO SUPPRESS EVIDENCE - 3

The Fourth Amendment's prohibition against unreasonable searches and seizures applies to investigatory traffic stops. *United States v. Sigmond-Ballesteros*, 285 F.3d 1117, 1121 (9th Cir.2002), reh'g en banc denied by 309 F.3d 545 (9th Cir.2002). To justify an investigative stop, a police officer must have reasonable suspicion that a suspect is involved in criminal activity. *United States v. Lopez-Soto*, 205 F.3d 1101, 1103 (9th Cir.2000). Reasonable suspicion is formed by "specific articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." Id. at 1105 (internal quotation marks and citations omitted); see also *United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir.2000). An officer's inferences must "be grounded in objective facts and be capable of rational explanation." *Lopez-Soto*, 205 F.3d at 1105 (internal quotation marks and citations omitted)

The fundamental principle of the Fourth Amendment is reasonableness. The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991)  A search "conducted without a warrant is 'per se unreasonable under the Fourth Amendment subject only to a few specifically established and well delineated exceptions. *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001) (quoting *Minnesota v. Dickerson,* 508 U.S. 366, 372 (1993). The limits

of the Fourth Amendment apply to investigative stops of vehicles. *United States v. Sharpe*, 470 U.S. 675, 682 (1985). The scope of an investigative detention "must be carefully tailored to its underlying justification." *Florida v. Royer*, 460 U.S. 491, 500 (1983). During a traffic stop, a police officer may only "ask questions that are reasonably related in scope to the justification for his initiation of contact." *United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir. 2001); see also *United States v. Chavez-Valenzuela*, 268 F.3d 719, 724 (9th Cir. 2001) ("An officer must initially restrict the questions he asks during a stop to those that are reasonably related to the justification for the stop.").

An officer may expand the scope of questioning beyond the initial purpose of the stop only if he "articulate[s] suspicious factors that are particularized and objective." *Murillo*, 255 F.3d at 1174; see also *Chavez-Valenzuela*, 268 F.3d at 724 (stating that an officer may expand scope of questioning "only if he notices particularized, objective factors arousing his suspicion" (emphasis added)); *United States v. Perez*, 37 F.3d 510, 513 (9th Cir. 1994).

In *United States v. Perez,* the Ninth Circuit held that six factors - the defendant's nervous appearance, avoidance of eye contact, and profuse perspiration, combined with the fact that he was not the vehicle's registered owner, was heading to a known "drug hub," and had well-manicured hands despite claiming to be a mechanic - "[t]aken together, . . . amount to reasonable suspicion"

MOTION AND MEMORANDUM
TO SUPPRESS EVIDENCE - 5

sufficient to justify the officer's broadening his line of questioning. 37 F.3d at 514 (quoting Sokolow, 490 U.S. at 9).

In addition, the Fourth Amendment permits brief investigative stops when a law enforcement officer has reasonable suspicion that a particular person is committing a crime or violating the traffic code. *Heien v. North Carolina*, 135 S.Ct. 530, 536, 190 L. Ed. 2d 475 (2014); *see also United States v. Lopez-Soto*, 205 F.3d 1101, 1104 (9th Cir. 2000) (reasonable suspicion standard applies regardless of whether person is suspected of violating criminal code or traffic code). Reasonable susicion requires "a particularized and objective basis for suspecting the particular person stopped of breaking the law." *Heien*, 135 S.Ct. at 536 (citing *Navarette v. California*, 134 S. Ct. 1683, 1687, 188 L. Ed. 2d 680 (2014)). The reasonable suspicion necessary to justify an investigative stop is dependent upon both the content of information possessed by police and its degree of reliability. *Navarette*, 134 S.Ct. at 1687 (citing *Alabama v. White*, 496 U.S. 325, 330, 110 S. Ct. 2412, 110 L. Ed. 2d 301 (1990)).

The officer's reasonable suspicion must be particular *to the person* stopped. Prefabricated or recycled profiles of suspicious behavior "very likely to sweep many ordinary citizens into a generality of suspicious appearance" will not suffice. *United States v. Rodriguez*, 976 F.2d 592, 595-596 (9th Cir.

1992). In determining reasonable suspicion, the Court must consider all of the information under the totality of the circumstances. *Navarette*, 134 S.Ct. at 1687.

Mr. Carter maintains that there was no reasonable suspicion to justify the K9 search of the vehicle. There was nothing in the reports that would suggest that drugs were in the vehicle. Thus, the continued detention of the vehicle which was stopped based on a traffic infraction, was not supported by the facts. The officers violated the law.

Additionally, the interrogation of Ms. Pesina, by Detective Carlisle was beyond the scope of the traffic stop, this prolonged the detention of the vehicle and was a violation of the law. See *United States v. Muillo.*

Finally, evidence obtained as a result of searches conducted under the authority of warrants lacking in probable cause are excluded in the prosecution's case in chief. *Weeks v. United States*, 232 U.S. 383 (1914); *Murray v. United States*, 487 U.S. 533 (1988)(The exclusionary rule prohibits introduction into evidence of tangible material seized during an unlawful search ... and of testimony concerning knowledge acquired during an unlawful search.)  The "good faith" exception to the traditional application of the exclusionary rule endorsed by the Supreme Court in *United States v. Leon*, is inapplicable here. This is so because the affidavit was utterly lacking in probable cause and further, the affidavit failed to

include material information because of the affiant's misstatements or omissions which were either deliberately or recklessly made. *United States v. Leon*, 468 U.S. 897 (1984); *Franks v. Delaware*, 438 U.S. 154 (1978).

A judge's determination of probable cause is not reviewed de nova but is afforded great deference. *Illinois v. Gates*, 462 U.S. 213, 236, *reh'g denied*, 463 U.S. 1237 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969); *United States v. Alexander*, 761 F.2d 1294, 1300 (9th Cir. 1985). "In close cases the Court should give preference to the validity of the search warrant." *United States v. Holzman*, 871 F.2d 1496, 1511 (9th Cir. 1989).

"However, the magistrate [judge] must have a substantial basis" for determining that probable cause exists. *United States v. Ramos,* 923 F.2d 1346, 1351, n. 9 (9th Cir. 1991); *United States v. Holzman*, 871 F.2d 1496, 1511 (9th Cir.1989). Stated differently, a magistrate must have a substantial basis for concluding that the "property which is the object of the search is probably on the premises to be searched at the time the warrant is issued." *United States v. Hendricks*, 743 F.2d 653, 654 (9th Cir. 1984); See also, *Illinois v. Gates*, 462 U.S. 213, 239 (1983)("An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause, and wholly conclusory statement[s] fail to meet this requirement sufficient information must be presented

to the magistrate to allow that official to determine probable cause; his actions cannot be a mere ratification of the bare conclusions of others.")

A warrant's validity is tested for probable cause based on the information available to the officers preparing the affidavit and warrant. *Maryland v. Garrison*, 480 U.S. 79, 85 (1987)("the validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and disclose, to the issuing Magistrate [judge].")

The warrant applicant's knowledge is tested under the totality of the circumstances. *Illinois v. Gates*, 462 U.S. at 238. All facts to support a finding of probable cause to issue a warrant "must be contained within the four corners of the affidavit given under oath." *United States v. Stanert*, 762 F.2d 775, 778, amended in nonrelevant part and reh'g denied, 769 F.2d 1410 (9th Cir. 1985).

The Officers obtained a search warrant and searched the vehicle on June 5, 2019.  Mr. Carter mainatins that there was insufficient probable cause to warrant to support the warrant.

Clearly, given the facts of each search, there were insufficient facts to support a finding of probable cause.  Therefore, the evidence seized must be suppressed.

### III.  CONCLUSION

MOTION AND MEMORANDUM
TO SUPPRESS EVIDENCE - 9

The defendant respectfully requests that the court suppress all evidence obtained as a result of the search conducted pursuant to the warrant issued in this case. Alternatively, the defendant requests that the Court conduct a hearing on this motion to suppress pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

          Respectfully Submitted,

          *S/Nicholas Marchi*
          CARNEY & MARCHI

## CERTIFICATE OF SERVICE

I certify that a copy of the Motion and Memorandum RE: Suppression of Evidence was e-mailed via ECF on 1/11/2020, to S. Van Marter, Assistant United States Attorney, 402 E. Yakima, Suite 210, Yakima, WA 98901 and the A. Pechtel, attorney for Ms. Pesina.

> *S/ Nicholas Marchi*
> CARNEY & MARCHI, P.S.
> Attorneys for Defendant