NICHOLAS MARCHI
Carney & Marchi, P.S.
7502 West Deschutes Place
Kennewick WA 99336
(509) 545-1055
Attorneys for Defendant

UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>NICHOLAS SEAN CARTER,<br><br>   Defendant | Case No. 4:19-CR-06063-SMJ-2<br><br>MOTION AND MEMORANDUM TO SUPPRESS STATEMENTS AND EVIDENCE<br><br>Note: February 6, 2020 at 10:00 am<br>Richland -Judge Mendoza<br>(Evidentiary Hearing Requested) |

COMES NOW the defendant, Mr. Carter, and moves this Court for an evidentiary hearing regarding statements the defendant made to law enforcement officers in the course of the arrest of defendant and investigation. The defendant further moves for an order suppressing those statements and evidence.

DATED this 12th day of January 2020.

Respectfully Submitted,

*S/Nicholas Marchi*
Nicholas Marchi
nmarchi@carmarlaw.com
CARNEY & MARCHI
Attorneys for Defendant

MOTION AND MEMORANDUM
TO SUPPRESS STATEMENTS and EVIDENCE    1

## I.  FACTS

Mr. Carter is currently charged with two counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C §841(a)(1)(b)(1)(B)(viii); one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §924(c);  and one count of Felon in Possession of a Ammunition in violation of 18 U.S.C §922(g).  Mr. Carter was arrested on June 4, 2019.   At the time of his arrest, he made several statements to officers. Mr. Carter now moves to suppress all statements made to law enforcement officers.

## II.  ARGUMENT

A custodial interrogation conducted to obtain incriminating statements must be preceded by procedural safeguards, and follow from a knowing, intelligent and wholly voluntary relinquishment of Fifth and Sixth Amendment rights. *Miranda v. Arizona,* 348 U.S. 437 (1966); *Moran v. Burbine,* 106 S. Ct. 1135, 1140-41 (1986).

An interrogation which is likely, under the circumstances, to produce an incriminating response must be preceded by administration of the *Miranda* warnings, and a valid waiver of said rights, prior to those statements being admissible. *United States v. Mata-Abundiz,* 717 F.2d 1277 (9th Cir. 1983). Once the custodial nature of an interrogation has been established, the burden falls to the government to prove that the dictates of *Miranda* have been complied with by a preponderance of the evidence. *Miranda*, 384 U.S. at 475.

Should the government establish that *Miranda* warnings were properly administered and a waiver knowingly and voluntarily executed, such a showing is not by itself "inevitably . . . sufficient to establish waiver." *North Carolina v. Butler*, 441  U.S. 369, 373 (1979).  The burden is on the government to demonstrate the validity of any *Miranda* waiver upon which it seeks to rely, and the Court must "indulge every reasonable presumption against waiver" of those rights. *United States v. Heldt*, 745 F.2d 1275, 1277 (9th Cir. 1984).  Only if waiver is shown to proceed from "a free and deliberate choice, rather than intimidation, coercion or deception" made "with a full awareness of

both the nature of the right being abandoned and of the consequences of the decision to abandon it", *Burbine,* 106 S. Ct. 1141, may the government rely upon it.

In addition, the government cannot argue use of a waiver, or any other statement, involuntarily obtained from a defendant in violation of the Fifth Amendment, *Mincey v. Arizona,* 437 U.S. 385, 398 (1977). The government must prove, in addition to formal compliance with *Miranda,* that any incriminating statement obtained from Mr. Barron-Gonzalez was given voluntarily. *Commonwealth v. Mendiola*, 976 F.2d 475 (9th Cir. 1992). A defendant may be properly warned and freely waive as required under Miranda, yet ultimately be coerced into making a confession. *United States v. Fouche*, 776 F.2d 138 (9th Cir. 1985).

The government bears a continuing burden to demonstrate voluntariness throughout the course of the interrogation leading to the statement, and the inquiry of necessity involves an evidentiary hearing on the issue. *U.S. v. Batiste*, 868 F.2d 1089. In determining whether a statement was voluntary this Court must look to the "totality of all the surrounding circumstances." *Mincey*, 437 U.S. at 401.

As will be clear from the testimony that will be presented, Mr. Carter was not properly advised of his rights by the officer when he made the statement. Assuming he was advised of the rights there is nothing in the record to establish that he voluntarily and knowingly waived those rights. At the time of his interrogation he was detained and not free to leave. Given the totality of the circumstances and the fact that there is no evidence that Mr. Cloud validly waived his right to remain silent, the statements should be suppressed.

III.  CONCLUSION

The defendant respectfully requests that this Court set an evidentiary hearing in this matter and if appropriate after hearing the testimony suppress the statements made by Mr. Cloud. DATED this 5th day of December 2018.

Respectfully Submitted,

*S/Nicholas Marchi*
Nicholas Marchi

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Defendant's Motion to Continue Sentencing was e-mailed via ECF on 1/11/2020, to S. Van Marter, Assistant United States Attorney, 402 E. Yakima Ave., Suite 210, Yakima, WA 98901 and to Adam Pechtel attorney for Ms. Pesina.

*S/ Nicholas Marchi*
CARNEY & MARCHI, P.S.
Attorneys for Defendant

MOTION AND MEMORANDUM
TO SUPPRESS STATEMENTS and EVIDENCE    4