FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONICA PESINA, (01),<br><br>Defendant. | No. 4:19-cr-06063-SMJ-01<br><br>**ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT MONICA PESINA'S MOTION TO REVOKE DETENTION ORDER** |

On January 9, 2020, the Court heard argument on Defendant Monica Pesina's (01) Motion to Revoke Detention Order, ECF No. 58. Defendant moved to revoke the detention order issued by Magistrate Judge Dimke on November 22, 2019, ECF No. 48. Defendant argued she had rebutted the presumption of detention by showing she is not a flight risk and is not a danger to the community. ECF No. 58 at 4. At the conclusion of the hearing, the Court orally denied the motion, finding Defendant had failed to rebut the presumption of detention and that the Government had shown that there is no combination of conditions that will reasonably assure the safety of the community and the Defendant's appearance as required. This Order memorializes and supplements the Court's oral ruling.

ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT MONICA PESINA'S MOTION TO REVOKE DETENTION ORDER **-** 1

## BACKGROUND

On November 11, 2019, Defendant[1] was indicted for one count of possession with intent to distribute 50 grams or more of actual (pure) methamphetamine, and one count of possession with intent to distribute heroin. ECF No. 6. As described in the Complaint, ECF No. 1, on June 4, 2019, a Pasco Police Officer stopped the vehicle in which Defendant, Co-Defendant Nicholas Sean Carter (02), and a third person were driving. ECF No. 1 at 6. A K9 unit responded to the scene, the K9 alerted for the presence of narcotics, and the vehicle was impounded. *Id.*

During the traffic stop, Co-Defendant Carter was found to be in possession of a loaded handgun and one ounce of methamphetamine, and he admitted he was a felon who could not legally possess a firearm. *Id.* After the issuance of a state search warrant for the vehicle, police found a backpack in the trunk with about 372 grams of purported methamphetamine, about 55 grams of purported heroin, and $26,950 in cash, as well as a digital scale and several empty Ziploc bags. *Id.* at 7. The backpack also contained a debit card, a health insurance identification card, and a bank deposit receipt in Defendant's name. *Id.* at 8.

//

//

---

[1] Unless otherwise specified, references to "Defendant" throughout are to Defendant Monica Pesina (01).

ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT MONICA PESINA'S MOTION TO REVOKE DETENTION ORDER - 2

An arrest warrant for Defendant was issued on October 22, 2019. ECF No. 2. Defendant and Co-Defendant Carter were arrested sixteen days later in Dixie, Washington at a residence Defendant told law enforcement belongs to a longtime friend. ECF No. 37. The Government represents that Defendant and Co-Defendant went to the residence because they knew a warrant would or had been issued and wanted to avoid detection. ECF No. 64 at 10.

In the time between the June 2019 conduct for which Defendant and Co-Defendant were indicted and their November 2019 arrests, the Government represents that additional events transpired which may result in further indictments. ECF No. 64 at 5–12. The Government represents Defendant is aware of the additional potential indictments. ECF No. 64 at 7. Defendant represents that no evidence related to these events has been disclosed to her. ECF No. 67 at 5.

First, Defendant's residence was searched pursuant to a warrant in September 2019, and an additional 5 ounces of methamphetamine, 4 ounces of heroin, 15 fake OxyContin pills believed to contain fentanyl, 30 pounds of marijuana, and multiple firearms were found. *Id.* at 6–7. In October, there was an incident in which six subjects were standing around a victim's car and one person was hitting it with a bat. *Id.* at 8. The victim reported the individuals had pulled a gun and knife on her in the past. *Id.* Two of the subjects were described as a white female in her 20's and a white

ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT
MONICA PESINA'S MOTION TO REVOKE DETENTION ORDER **-** 3

male between 20 to 40.[2] *Id.* Co-Defendant Carter was observed walking shortly thereafter and was detained; he was in possession of methamphetamine and heroin and may have discarded a loaded pistol while being followed by police. *Id.* at 8–9. Finally, when Defendant and Co-Defendant Carter were arrested, the residence at which they were found was searched pursuant to a warrant and two handguns, methamphetamine, cocaine, heroin, 84 pills suspected of containing fentanyl, a digital scale and plastic bags were found. *Id.* at 11–12.

On November 12, 2019, Defendant appeared before Magistrate Judge Dimke for a detention hearing, but the hearing was continued to allow time for a substance abuse evaluation. ECF No. 46 at 1. Defendant appeared again on November 22, 2019 before Judge Dimke, at which time Judge Dimke heard oral argument and ordered Defendant detained. ECF Nos. 47, 48. Judge Dimke found that there was a rebuttable presumption under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community. ECF No. 48 at 2. Judge Dimke then found that Defendant had not introduced sufficient evidence to rebut the presumption, that the Government proved by clear and convincing evidence that no condition or combination of conditions of

---

[2] It is not clear whether the October incident involved only Co-Defendant Carter or if the Government is alleging Defendant was also involved in these events.

ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT MONICA PESINA'S MOTION TO REVOKE DETENTION ORDER **-** 4

release will reasonably assure the safety of any other person and the community, and that the Government proved by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. ECF No. 48 at 2. Judge Dimke made extensive additional factual findings, drawing on the evidence related to the events for which Defendant has not yet been indicted as well as the evidence from the pretrial services reports. ECF No. 48 at 3.

At the January 9, 2020 hearing, Defendant presented testimony from two witnesses. First, Defendant's friend of fifteen years, Lena Samorano, testified about her own personal history of substance abuse, her nearly four years of sobriety, and her personal history with Defendant. Ms. Samorano described how she became clean and sober after a judge sentenced her to participate in a program that allowed her to live at home while receiving monitoring and support, including outpatient drug treatment. She testified that she would support Defendant if Defendant were released to a clean and sober housing program. However, she also testified that Defendant left her children with Ms. Samorano beginning approximately a month before Defendant was arrested, during which time Defendant mostly had phone contact with her children and Ms. Samorano did not know where Defendant was living.

//

Defendant also called Deeanne Goodrich, an employee of Oxford House, the clean and sober housing facility at which Defendant proposed to stay if released. Ms. Goodrich testified to the support and monitoring programs at the facility and the high success rate for participants who stay in Oxford Houses for one year. Ms. Goodrich also testified that the program has an open-door policy with no security.

## LEGAL STANDARD

The Bail Reform Act provides that a detention order issued by a magistrate judge may be reviewed by the court with original jurisdiction over the offense. 18 U.S.C. § 3145(b). A district court reviewing a magistrate judge's order concerning detention does so *de novo*, without deference to the magistrate judge's factual findings. *See United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). However, the "court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Id*. at 1193. The district court must, however, reach its own independent determination. *Id.*

Under the Bail Reform Act, defendants awaiting trial may be released on personal recognizance or bond, conditionally released, or detained. *See* 18 U.S.C. § 3142(a). Pretrial detention should be granted only "in rare circumstances . . . and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The Court may

ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT MONICA PESINA'S MOTION TO REVOKE DETENTION ORDER **-** 6

impose conditions that it deems necessary to guard against a defendant's flight or danger to the community. *See* 18 U.S.C. § 3142(c). The Court must consider four factors in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community:

> (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

If there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). Although the presumption shifts the burden of production to the defendant, the burden of persuasion remains with the Government. *Hir*, 517 F.3d at 1086 (citing 18 U.S.C. § 3142(g)). Defendant must only produce "some evidence" to rebut the presumption. *See United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985)); *see also United States v. Ward*, 63 F. Supp. 2d 1203, 1209 (C.D. Cal. Jul. 12, 1999).

ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT MONICA PESINA'S MOTION TO REVOKE DETENTION ORDER **-** 7

Even if a defendant rebuts the 18 U.S.C. § 3142(e) presumption with evidence, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086 (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

## DISCUSSION

Defendant moves the Court to revoke the Detention Order on the grounds that the conditions recommended by the United States Probation Office are sufficient to reasonably assure her appearance as required and reasonably assure the safety of the community. ECF No. 58. Defendant acknowledges that a rebuttable presumption arises because Count 1 carries a mandatory minimum of ten years confinement. ECF No. 58 at 4; *see also* 18 U.S.C. § 3142(e)(3)(A); 21 U.S.C. § 841(b)(1)(A).

The evidence presented by Defendant does not rebut the presumption that detention is necessary. Although the standard only requires that the Defendant present "some evidence," this evidence must actually rebut the presumption that no combination of conditions will reasonably assure Defendant's appearance and the safety of the community. *See Jessup*, 757 F.2d at 384. The testimony indicated that Defendant would have peer support and a housing program at which she could

reside that would provide support to address Defendant's substance abuse. However, the testimony showed neither that, facing a potentially lengthy term of imprisonment, Defendant would not be a flight risk, nor that she would remain in the program and not be a danger to the community.

Even if Defendant had overcome the presumption, detention would still be appropriate because all four of the 18 U.S.C. § 3142 factors weigh against pretrial release. *See Hir*, 517 F.3d at 1086. The alleged offenses, possession with intent to distribute 50 grams or more of actual (pure) methamphetamine and possession with intent to distribute heroin, are serious offenses. The weight of the evidence, although the least important factor in the analysis, appears to be fairly substantial. *See* ECF No. 1 at 7–8 (describing 372 grams methamphetamine, 55 grams heroin, scale, and bags found pursuant to warrant).

Evidence in support of the future indictments includes findings, pursuant to a warrant, of additional narcotics and multiple firearms in the address where Defendant reportedly resided with her minor children and also further findings of additional narcotics and two more firearms in the residence at which Defendant and Co-Defendant Carter were arrested. ECF No. 64 at 7; *see also* ECF No. 37 at 2. Defendant argues this evidence should not be considered because it has not been disclosed to Defendant pursuant to Local Criminal Rule 16. However, Defendant is

aware of the potential additional indictments and this is a consideration in determining that she is a flight risk. Further, although there is no indication that Defendant owned the firearms, they were found at the address she identified as her place of residence. ECF No. 64 at 7; *see also* ECF No. 37 at 2. This indicates that the nature and seriousness of the danger to the community are substantial.

Finally, Defendant's personal history and characteristics weigh strongly against pretrial release. Defendant has lived in Walla Walla or the Tri-Cities area her whole life and has no passport and limited travel history. ECF No. 37 at 1–2. However, Defendant lacks stable employment. *See* ECF No. 37 at 3 (describing Defendant as self-employed for five years doing odd jobs including home repair, cleaning, and painting obtained through online websites). Defendant also does not appear to have a stable residence, as a family member reports she has been evicted from her prior residence. ECF No. 37 at 2.

Although Defendant has family ties to the area, the Court is not persuaded that these ties will prevent her from fleeing. Defendant reports only telephone contact with her mother and only social media contact with her adult child, though she does have regular contact with her brother. ECF No. 37 at 2. Defendant's minor children were living with her prior to her arrest in September, but have lived with their aunt periodically, including for an unknown five-year period. ECF No. 37 at 2.

Further, Ms. Samorano testified that after Defendant was arrested in September, including after her release, her children stayed with Ms. Samorano for about a month. After a warrant was issued in this case, Defendant asked her children's aunt to watch them, and she then went to a friend's house in Dixie, Washington. ECF No. 37 at 2, 4. Considering these factors together, Defendant's pretrial release is not appropriate.

**CONCLUSION**

Defendant has not rebutted the presumption that detention is necessary. The Government has shown by clear and convincing evidence that no combination of conditions of release will reasonably assure the safety of any other person and the community, and has shown by a preponderance of the evidence that no combination of conditions of release will reasonably assure Defendant's appearance as required. As such, detention is necessary, and the motion is denied.

//

//

//

//

//

//

ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT MONICA PESINA'S MOTION TO REVOKE DETENTION ORDER **-** 11

Accordingly, **IT IS HEREBY ORDERED**:

Defendant Monica Pesina's (01) Motion to Revoke Detention Order, **ECF No. 58**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 22nd day of January 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT MONICA PESINA'S MOTION TO REVOKE DETENTION ORDER **-** 12